In re ROTH & APPEL.

(District Court, S. D. New York. June 3, 1909.)

BANKRUPTCY (§ 314*)—PROVABLE CLAIMS—RENT ACCRUING AFTER BANKRUPTCY
—"FIXED LIABILITY ABSOLUTELY OWING AT THE TIME OF THE FILING OF
THE PETITION."

Installments of rent which a bankrupt had agreed to pay at times subsequent to the filing of the petition in bankruptcy against him do not constitute "a fixed liability * * * absolutely owing at the time of the filing of the petition," within the meaning of Bankr. Act July 1, 1898, c. 541, § 63a (1), 30 Stat. 562 (U. S. Comp. St. 1901, p. 3447), and claims therefor are not provable debts against the estate.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 314.*]

In the matter of Roth & Appel, bankrupts. Petition to review referee's decision on motion to expunge claim of Adolph Boskowitz. Claim expunged.

The following is the opinion of Townsend, Referee:

The bill of particulars prefixed to the proof of claim is as follows:

"To rent due for the months of February, March, April, May, and June, 1908, of the fifth loft in premises Nos. 704–706 Broadway, New York City, at the rate of $250 per month.. $1,250 00
To deficiency of rent for the months of July, August, September, October, November, December, 1908, and January, 1909, at the rate of $75 per month...................... 525 00
                                                               ———————
Total .............................................. $1,775 00"

It arises under a written lease, a copy of which is also attached to the proof of claim. The lease is dated August 14, 1907. The parties are the claimant, as lessor, and the bankrupt firm, as lessee. The lease is for a term of five years, beginning February 1, 1908, and ending January 31, 1913, at an annual rent of $3,000, payable monthly in advance, or $250 monthly in advance. The lease contains an ingenious provision that if the rent be not paid, or if the lessee be declared bankrupt, the lease shall terminate, and the lessor shall have the right to re-enter, in which case the lessee agrees to pay the lessor on the 1st day of each month, as upon rent days, the difference between the reserved rent of $250 and such rent as the lessee may collect from other sources, up to the end of the term remaining at the date of the re-entry. The claimant concedes that a petition in involuntary bankruptcy was filed against the firm January 20, 1908, followed by an adjudication in bankruptcy May 27, 1908. The claimant also concedes that on April 29, 1908, he agreed to lease the premises to another party, and that re-entry was had by him July 1, 1908. Apparently the new tenant was to pay the claimant $175 a month rent, being $75 less each month than the bankrupt's agreement.

The proof of claim was filed with the referee July 14, 1908, and is made up as stated at the outset. The trustee moves to expunge the claim. The claimant contends that proof of claim is within subdivision 4 of section 63a of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 563 [U. S. Comp. St. 1901, p. 3447]), that this subdivision is not limited by subdivision 1 of the section, but may be regarded as inclusive of that subdivision, and cites In re Smith (D. C.) 17 Am. Bankr. Rep. 112, 146 Fed. 923, a case decided in Rhode Island, in July, 1906. It should be remarked that that case arose on notes upon which the bankrupt's liability as indorser became fixed after both the filing of the petition and adjudication in bankruptcy (not depending upon any contingency or factor yet to occur), but within the year limited for the filing of claims by subdivision "n" of section 57 of the bankruptcy act. The judge in that case allowed the proof of claim to stand, observing that the claim before him was no longer contingent, but had become a present liability. He held that, both

upon authority and upon a fair view of the subject-matter, the act (meaning the two subdivisions of section 63a before referred to), should receive such a construction as to permit the proof of such claim if filed within the year and the bankrupt receive a discharge from the liability. In line with In re Smith, see In re Dunlap Carpet Co. (D. C.) 20 Am. Bankr. Rep. 882, 163 Fed. 541.

Where the rent reserved in a lease is payable in installments at stated dates, a lessee is not liable for any installment until the date arrives and he is in default, and his liability in this regard, whether in contract or in damages, continues to the end of the term for each installment as it becomes due, with proper credit for any rent which the lessor may meantime collect for the same period from any new tenant. In re Hevenor, 144 N. Y. 271, 273, 39 N. E. 393. The situation is not altered between the lessor and the lessee by the fact that the bankruptcy of the lessee supervenes. I agree with the intimation in Collier on Bankruptcy (6th Ed.) 521, and the reasoning of such cases as In re Ells (D. C.) 3 Am. Bankr. Rep. 564, 98 Fed. 967 (Mass., Lowell, J.), and Watson v. Merrill, 14 Am. Bankr. Rep. 453, 458, 136 Fed. 359, 69 C. C. A. 185, 69 L. R. A. 719 (C. C. A. 8th Circuit), holding that the adjudication in bankruptcy does not terminate the lease. I see no reason why the adjudication in bankruptcy, or yet the ultimate discharge of the bankrupt, should terminate the bankrupt's existing contracts. The adjudication merely determines that the bankrupt is such, having committed certain acts of bankruptcy, and the discharge is merely (section 17) a release to him from certain liabilities provable within a year subsequent to his adjudication (section 57n), whether then actually proven or not, and does not affect his subsequent or future liabilities.

Under In re Jefferson, 2 Am. Bankr. Rep. 206, 213, 93 Fed. 948 (D. C. Kentucky), and In re Hinckel Brewing Co., 10 Am. Bankr. Rep. 484, 123 Fed. 942, where Judge Ray, in the Northern district of New York, held that the adjudication terminates the lease, it is clear that rent not due, at least at the date of adjudication, cannot be proven under either subdivision 1 or subdivision 4 of section 63a. For convenience I state that in Re Jefferson, the adjudication on a voluntary petition was March 23, 1899. The lease was for five years from February 15, 1896, and the rejected claim was for one year's rent subsequent to the date of bankruptcy. It does not appear when the claim was filed, but it is apparent from the report that the rent had not become payable when the claim was filed. In Re Hinckel Brewing Co., the adjudication was October 21, 1902, on a petition filed February 13, 1902. The claim filed November 26, 1902, was for rent from the last date it was paid, to wit, January 1, 1902, to October 21, 1902, and the judge in his decision as a matter of fact allowed rent down to the date of adjudication; a receiver occupying until and after the date of adjudication, which it is stated, when made, terminated the lease, and no rent accruing thereafter could be proved or allowed as a debt against the bankrupt estate. The case is not satisfactory, and the judge was clearly of the opinion that rent was provable up to the date of adjudication, and not confined to the date when the petition was filed.

The cases cited in the trustee's brief do not deal with the precise situation before me, where the lease must be regarded as a continuing contract, not terminated by the adjudication in bankruptcy, and an attempt is made to prove installments of rent that have actually become due and payable subsequent to the date when the petition was filed or the date of the adjudication, if not contemporaneous, and within the expiration of one year from the date of the adjudication.

In Watson v. Merrill, 14 Am. Bankr. Rep. 453, 136 Fed. 359, 69 C. C. A. 185, 69 L. R. A. 719, supra, where the lease, as stated, was held to be a continuing contract, the petition was filed February 6, 1903, and the adjudication followed April 2, 1903. The lease was for 10 years from October 1, 1902, at the rate of $60 a month, in advance. The rent had been paid to and including February, 1903. Shortly subsequent to March 2, 1903, the claimant had attempted to prove for 115 months at in reality $60 a month, the rent reserved in the lease, less its so-called real rental value of $40 a month, and the referee allowed the claim under the name of damages, but finding and crediting the so-called rental value at a higher sum. In this case, therefore, there was no rent unpaid at the date of filing the petition, and apparently but two installments of rent unpaid at the date of the presentation of the claim, and the claim

before the court in respect to 113 months was manifestly contingent and unfixed. It was under these circumstances that the court held "that a claim for damages for a breach of a contract in a lease to pay installments of rent for the use of the premises at times subsequent to the filing of the petition in bankruptcy is not provable under the bankruptcy law of 1898."

In Atkins v. Wilcox, 5 Am. Bankr. Rep. 313, 105 Fed. 595, 44 C. C. A. 626, 53 L. R. A. 118 (C. C. A. 5th Circuit), the adjudication was October 3, 1899, on a voluntary petition. The rejected claim was presented October 31, 1899, on 12 rent notes given under a lease of May 4, 1899, for one year to begin October 1, 1899. On November 21, 1899, the proof of debt was filed. The rent for October and November, 1899, was paid by the trustee as an expense of administration. The referee rejected the claim for the months of December, 1899, to September, 1900, inclusive. The court points out that at the date of the adjudication and at the date when the debt was proved there had been no default in the payment of rent under the lease, which is not the situation before us. The court, while not deciding that the adjudication terminated the lease, or the reverse, rejected the claim, apparently because of the entirely contingent character which no doubt it bore.

In Re Silverman (D. C.) 2 Am. Bankr. Rep. 15, an involuntary petition was filed January 18, 1899, followed by an adjudication February 2, 1899, and the rejected claim was filed March 15, 1899, and was of a highly contingent character for prospective commissions for the balance of a year expiring September 6, 1899. This case, therefore, is of little cogency for present purposes.

In re Jefferson has already been considered, supra. It held, moreover, that the adjudication terminated the lease.

In Bray v. Cobb (D. C.) 3 Am. Bankr. Rep. 788, 100 Fed. 270 (North Carolina), the petition and the adjudication were November 30, 1898. The rent claimed was for 16 months to February 1, 1900. Plainly this rent was of a contingent character. Its allowance by the referee was reversed by the judge; he confining the proof to the date of filing of the petition which was the same as the date of the adjudication, which adjudication he also held terminated the contractual relations of the bankrupt.

In re Collingnon, 4 Am. Bankr. Rep. 250, was decided in the Northern district of New York, in April, 1900, by Referee W. H. Hotchkiss, whose qualifications in the law of bankruptcy are well known. There the lease was for two years from January 1, 1899, at $50 a month, in advance. The petition in bankruptcy and the adjudication were of the same date, July 28, 1899. Two months' rent was then unpaid, for which the landlord proved and received dividends. The trustee paid for use and occupation up to October 1, 1899. For the 13 months beginning December 1, 1899, the landlord relet to a new tenant for $504. While the trustee was still in possession, or before October 1, 1899, the landlord presented a claim for rent to accrue subsequent to the bankruptcy, which the landlord sought to have allowed, less the credits above mentioned. The claim was disallowed, on the ground that installments of rent accruing after the time of the bankruptcy are not provable debts against the bankrupt's estate and are not affected by his discharge, and that the claim did not constitute a present debt but was essentially contingent in its character. The referee points out that a claim capable of valuation would probably be admitted to proof at any time before the winding up of the estate. The referee gives his reasons, which are those of expediency, for establishing as a "line of cleavage," determining the date as to which indebtedness becomes provable in bankruptcy, the date when the petition is filed.

In Re Mahler (D. C.) 5 Am. Bankr. Rep. 453, 105 Fed. 428 (Michigan, November, 1900; referee's decision reported in 2 Nat. Bankr. N. 70), the judge, while not passing on the question whether the bankrupt remained liable under the covenants of his lease, rejected the claim as contingent. The lease was for 5 years and 2 months from March 1, 1896, the rent being payable monthly in advance. The bankrupt was adjudicated January 3, 1899, upon his own petition. March 11, 1899, the landlord filed a claim, not only for the rent due to the date when the petition was filed and the adjudication made, or January 3, 1899, but a claim under the lease for the rent accruing for the remainder of the demised term expiring May 1, 1901. Subsequently, and on August 15, 1899, the claimant filed a petition, alleging that at that date the rent theretofore

contingent had become absolutely due to September 1, 1899. The referee held that the rent thus accruing subsequent to the adjudication in bankruptcy was not a provable claim against the estate of the bankrupt, and that such rent so accruing remained a liability of the lessee, unaffected by the discharge. The judge affirmed the referee's disallowance of the claimant's petition filed August 15, 1899, apparently because the claim did not fall within subdivision 1 of section 63a. The claim does not appear to have been presented for allowance under subdivision 4 of section 63a.

The following cases have also been examined by the referee:

In re Shaffer (D. C. Mass., Lowell, J., 1903), 10 Am. Bankr. Rep. 633, 124 Fed. 111. In this case the judge merely follows his decision in Re Ells (D. C.) 3 Am. Bankr. Rep. 564, 98 Fed. 967, supra. The particulars of the claim before him do not appear in the report or the material dates, but apparently the claim was of a contingent character and for damages not then ascertainable. The judge's language lends itself to an implication that if they had been ascertainable they would have been provable as of the date of bankruptcy or as of the date of re-entry, which latter date obviously might fall at any time within the year provided in section 57n for the proving of claims.

In re Pittsburg Drug Co. (W. D. Pennsylvania, 1908) 20 Am. Bankr. Rep. 227, 164 Fed. 482. In this case, there was a lease for two years from May 1, 1906, the rent payable in monthly installments. The lease also contained a provision that in case of default in payment, or in case of the beginning of bankruptcy proceedings or the appointment of a receiver, the entire balance of rent should thereupon become due and payable. The rent due September 1, October 1, and November 1, 1906, being unpaid, a receiver was appointed by the state court November 23, 1906. Because of this appointment, a petition in bankruptcy was filed against the lessee November 26, 1906, and a receiver in bankruptcy appointed. This receiver or the trustee in bankruptcy occupied the premises until May 1, 1907, and the landlord refused to accept a surrender of the premises. It appeared from the landlord's proof of claim that at the date when the petition was filed against the lessee, a balance of rent for September, 1906, and the entire rent for October and November, was due and payable. In addition, the landlord claimed rent until September 1, 1907: the claim for this rent being based upon the provisions of the lease that if default be made in the payment of rent, or if a receiver be appointed, the rent for the entire term should become due and payable. The court did not pass on the question whether the claim was provable under subdivision 1 or subdivision 4 of section 63a, but in affirming the action of the referee held that under the lease the appointment of the receiver by the state court November 23, 1906, made the rent for the entire term fall due at that date, which was three days prior to the filing of the petition in bankruptcy, and that the debt thus created was one provable in bankruptcy. The case also involved a question, not material here, in respect to priority for the claim under the state statute, and a question as to the provability of taxes and insurance payable after the filing of the bankruptcy petition and not yet due, which it was sought to prove under the covenant of the lease before referred to. As to the latter question, the court held that these items, as they could not possibly be liquidated at the date of the default, could not be said to become due by that default, and therefore disallowed their proof as not being a fixed liability at the time of the filing of the petition. No question arose as to the effect of subdivision 4 of section 63a. In substance, the decision was to the effect that the entire rent for the term became due on the date when there was a breach of the covenant in the lease by the appointment of a receiver in the state court, and thus became a fixed liability at the time of the filing of the petition in bankruptcy, and therefore provable under subdivision 1 of section 63a.

In re Rubel (D. C. Wisconsin, 1908) 21 Am. Bankr. Rep. 566, 166 Fed. 131. In this case a petition was filed against the bankrupt March 30, 1907, and a receiver in bankruptcy appointed, and an adjudication in bankruptcy followed on April 12, 1907. The receiver and the trustee occupied until May 1, 1907. The claim of the lesser was for rent or damages to the date of expiration of the lease, or May 1, 1908. The referee allowed the claim for the March rent to be proven, and allowed the April rent to be paid as an expense of administration, and disallowed the claim arising subsequent to May 1, 1907. The ac-

tion of the referee was affirmed by the judge, citing cases already referred to, as holding that rent which had not accrued at the time of adjudication could not be proven. Of these cases he remarks that they are not in accord as to the method of reasoning by which the conclusion is reached. Obviously the claim the judge had before him was as to 12 months' rent, an unliquidated one at the date the claim was filed, and then neither due nor susceptible of liquidation. In conformity with the decisions, he rejected it under subdivision 1 of section 63a. There was not, and could not have been, any attempt to offer to prove the claim under subdivision 4 of section 63a.

The review of the decisions shows that much has been written. The accord is rather in the results reached than in the reasoning. There has been little or no discussion of the province of subdivision 4 of section 63a. In large part the claims dealt with by the reported cases, and rejected as not provable under subdivision 1 of section 63a, have been claims contingent in character at the date of filing, and not such as could be offered under subdivision 4 of section 63a. The unsatisfactory state of the law is therefore my only excuse for adding or inviting further writing on the subject involved.

I regard the contract of lease as not terminated by the adjudication. Under the reasoning in Re Smith (D. C.) 17 Am. Bankr. Rep. 112, 146 Fed. 923, and in Re Dunlap Carpet Co. (D. C.) 20 Am. Bankr. Rep. 882, 163 Fed. 541, notwithstanding In re Mahler, supra, I regard installments of rent falling due and payable after the date of the filing of the petition or the date of adjudication, which may or may not be contemporaneous, and within the period of one year limited by subdivision "n" of section 57, as provable under subdivision 4 of section 63a, unless it be held (as I am not prepared to hold) that the expression as provable under subdivision 1 of a fixed liability evidenced by an instrument in writing absolutely owing at the time of the filing of the petition is the exclusion from provability under subdivision 4 of a fixed liability on such an instrument absolutely owing at any later time. As seen, this has not been so held in respect to commercial paper, nor apparently was it the view of Referee W. H. Hotchkiss in Re Collignon, 4 Am. Bankr. Rep. 250, 252. The reasons of this learned referee in this case, before referred to as those of expediency, seem to me the only ones for confining a claim for rent provable in bankruptcy to the rent absolutely owing and actually due at the time of the filing of the petition.

In accordance with these views, I will grant an order expunging the claim filed July 14, 1908, to the extent of $450, or, in other words, for the deficiency of rent claimed for the months of August, September, October, November, and December, 1908, and January, 1909. In all other respects the trustee's motion is denied. I hope a final expression of opinion on the provability of rent under either or both of subdivisions 1 and 4 of section 63a may be obtained from the judges of this district. Any party desiring a review may take the foregoing memorandum as the referee's certificate under General Order 27 (89 Fed. xi, 32 C. C. A. xxvii) of the question presented, to wit, whether installments of rent due and payable after the date of the filing of the petition or the date of adjudication, if these two dates be not contemporaneous, are provable under section 63a of the bankruptcy act.

James, Schell & Elkus (Robert P. Lewis, of counsel), for the motion. Levy & Rosenthal, opposed.

HOUGH, District Judge. The hopeless confusion produced by conflicting decisions on the subject under review requires an authoritative ruling, which this court cannot give. The matter should be promptly taken to the Circuit Court of Appeals, and settled, at least so far as this circuit is concerned. Therefore I shall do no more than briefly indicate what seems to me the reason of the matter, adding only that my view is supported especially by Watson v. Merrill, 14 Am. Bankr. Rep. 453, 136 Fed. 359, 69 C. C. A. 185, 69 L. R. A. 719.

It must be admitted (and is not denied by any party to this litigation) that the rent reserved in a lease is payable only at the dates prescribed

in the lease, and until that date arrives, and payment is not made, the lessee is not liable for any installment, whether sued on his rent contract or for damages measured by it. It appears to me plain that this situation, as between lessor and lessee, is not altered by any bankruptcy on the part of the lessee. Bankruptcy does not terminate the lease. This must be so from the very nature of bankruptcy, which does not destroy, but conserve, property, and the leasehold estate is property, which may (and frequently does) become the property of the trustee and inure to the benefit of creditors. It is impossible to conceive of a trustee in bankruptcy selling a lease, if bankruptcy destroy the same lease.

If the lease survives adjudication and is rejected by the trustee (i. e., not appropriated as belonging to the estate), it is necessarily an existing and continuing contract; and such contract requires parties thereto. Who are these parties? The landlord is one. The trustee in bankruptcy, not having appropriated the lease, is not the other. Therefore that other must be the bankrupt lessee. Such being the case, does the bankrupt's continuing liability on a lease, which has survived adjudication and been abandoned by the trustee, give rise to a provable debt?

There are obvious reasons of expediency and equity why such claims should not be provable. A landlord is a species (speaking very loosely) of preferred or secured creditor, in that his rent is presumed to be no more than a fair measure of the value of the use of his land, and that land he can always recover if his rent is not paid. If the trustee pays his rent (as rent), he has appropriated the lease. If no one pays that rent, the presumption of law is that the landlord, on getting back his land, can obtain from other tenants the value of its use. It is therefore inequitable to permit a landlord, not only to recover and relet the demised premises, but to share pari passu with other creditors not so favorably situated. In the second place, the admission of landlords' claims arising and continuing to arise after adjudication, and after condition of the lease broken, tends to delay the settlement of estates, and should not be encouraged, unless the law absolutely requires it.

For these reasons I prefer to concur in the reasoning and conclusion of Watson v. Merrill, supra, and that case, in my opinion, is not consistent with the doctrine that subdivision 1 of section 63a is modified or enlarged by subdivision 4 of the same section. Inasmuch as the lease survives adjudication, the only "fixed liability" thereunder is rent due at the time of filing the petition. Nor can I think that section 57n affects the matter at all. That claims "shall not be proved" subsequent to a "year after the adjudication" is not an enlargement of the class of provable claims, but merely a restriction of the time wherein provable claims may be presented. In other words, section 57n merely limits the time within which such claims as are described in section 63 may be proven.

It is directed that the claim presented be expunged.