JOHN MATTHEWS, Inc., v. KNICKERBOCKER TRUST CO.

(Circuit Court of Appeals, Second Circuit. December 11, 1911.)

No. 72.

BANKRUPTCY (§ 214*)—COLLATERAL SECURITIES—RIGHTS OF CREDITOR.

    A bankrupt's creditor is not entitled to modification of an injunction against disposition of the bankrupt's assets, so as to permit sale of unsecured debenture bonds of the corporation held by the creditor as collateral to the bankrupt's note, the bankrupt having received no consideration for the bonds; but the creditor is entitled to relief as to other bonds, also held as collateral, which have been sold by the bankrupt to third persons upon consideration.

    [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 214.*]

Petition to Revise Order of the District Court of the United States for the Southern District of New York.

In the matter of John Matthews, Incorporated, bankrupt. On petition by the Knickerbocker Trust Company to revise an order of the District Court (188 Fed. 445). Partly affirmed, and partly reversed and remanded.

Petition to revise an order of the District Court, Southern District of New York, sitting in bankruptcy.

The order appointing a receiver of the corporation—John Matthews, Inc., —contained a provision enjoining all persons from transferring or in any way disposing of any of its assets. The Knickerbocker Trust Company petitioned for a modification of this injunction so as to permit it to sell certain debenture bonds of said corporation held by it as collateral to said corporation's promissory note. The District Court made an order denying this application and it is to revise such order that this petition for revision is brought.

  The following facts are practically undisputed:

  The petitioner is the owner of a note of the bankrupt corporation dated September, 1910, and due December, 1910, for the sum of $16,693.20. This note was the last of a series of notes running back to 1907. As collateral to this note the petitioner holds 29 debenture bonds of the bankrupt corporation which were originally pledged to secure earlier notes in the series.

Out of said 29 bonds 23 had been, prior to their delivery as collateral, in the treasury of said corporation and were never otherwise issued than by such delivery. The remaining 6 bonds had likewise been in the treasury of the corporation prior to their delivery as collateral, but with respect to these bonds it appears that while in the custody of the petitioner they had been sold to certain individuals interested in the corporation and that coupons upon said bonds had been paid subsequent to such sale. It does not appear that the petitioner was informed of the sale. Since their original pledge the 6 bonds have always been in the custody of the petitioner and have been held as collateral. There is nothing in the record to show any fraud in the sale of these bonds; that a valuable consideration was not paid for them, or anything to negative an actual sale.

Herbert Barry, for petitioner.

Leo Oppenheimer, for respondent.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

NOYES, Circuit Judge (after stating the facts as above). The debenture bonds of the bankrupt corporation which the petitioner holds as collateral do not purport to impose any lien or charge upon the property of the corporation and are nothing more than instruments importing an obligation to pay. So far as the 23 bonds are concerned, the bankrupt corporation never received any consideration for them. They were treasury bonds when pledged and no change in their status has taken place since. The real debt which the bankrupt corporation owed the petitioner was evidenced by the note and nothing was added to it by giving as collateral another promise to pay. Any rule which would permit the proof of two notes for one indebtedness would permit the proof of a dozen, and would substitute for pro rata distribution among real creditors, distribution in accordance with the ability of a bankrupt to make manifold obligations for single debts. It is a safe and equitable proposition that in the distribution of bankrupt estates, paper obligations issued without consideration as security for an indebtedness shall not be permitted to increase it.

The situation with respect to the 6 bonds is different. Although treasury bonds when originally delivered to the petitioner, their status was changed when they were purchased from the bankrupt. By such purchase they became the property of the purchaser subject to the lien of the petitioner which no longer held mere treasury bonds issued without consideration, but bonds issued to third persons upon consideration. The physical custody of the bonds was unimportant. The purchasers could, if they chose, buy bonds in pledge as well as any other bonds. To permit the petitioner to avail itself of these bonds does not increase the real indebtedness of the estate. The indebtedness evidenced by these bonds is based upon the moneys paid to the bankrupt by their purchasers.

If the petitioner cannot avail itself of these bonds according to the contract of pledge, what is to become of them? They do not belong to the bankrupt estate because they were purchased from the bankrupt which received the consideration for them. They cannot be delivered to the purchasers without ignoring the contract of pledge and the rights of the petitioner subject to which they were purchased. Moreover to take the bonds from the petitioner and deliver them to

the purchasers would be not only to ignore the rights of the former but to do it a positive injury by reducing the estate in which it might be entitled to a distributive dividend. The conclusion necessarily follows, as it seems to us, that the petitioner has the right to enforce its contract of pledge against the 6 bonds in question.

This conclusion requires a modification of the injunction which shall permit the petitioner to sell the 6 bonds. We are not, however, called upon to pass upon the question whether the petitioner should be regarded as a "secured creditor" within the meaning of the bankruptcy act or as holding as security property pledged by third persons. That is a question which, if presented, must be determined upon the distribution of the estate.

The order of the District Court is reversed so far as it relates to the 6 bonds aforesaid and the cause is remanded for further proceedings in accordance with this opinion. No costs are awarded to either party.