In re GOLDBERG.

No. 51221.

District Court, S. D. New York.

July 24, 1931.

Alfred K. Blank, of New York City, for bankrupt.

Louis A. Stone, of New York City, for Yottanna Holding Corporation.

GODDARD, District Judge.

This is a motion to vacate a stay of execution of a judgment in the Municipal Court of the city of New York against Milton D. Goldberg, which was obtained by the Yettanna Holding Corporation for rent, Goldberg having been adjudicated a bankrupt on May 22, 1931. The facts are as follows:

On September 12, 1929, the Yettanna Holding Corporation, as landlord, entered into a lease with Milton Goldberg, as tenant, for an apartment at No. 1920 Osborne place, borough of the Bronx, New York City, beginning on October 1, 1929, and terminating September 30, 1931, at the annual rental of $1,140, payable in equal monthly payments in advance on the first day of each month during the term. The lease did not contain the usual bankruptcy clause allowing the landlord to terminate the lease in the event of the bankruptcy of the tenant; it did not contain any clause providing for liquidated damages in the event of default on the part of the tenant; it did contain a clause which reads as follows: "Eleventh—That in the event of the tenant's dispossession by Summary Proceedings, or if default shall be made in payment of the rent, or any part thereof, or, in the performance of any of the covenants herein contained, or if the said premises, or any part thereof, shall become vacant during the said term, the landlord of its representatives, may re-enter and resume possession of the same, either by force or otherwise, without being liable to prosecution

therefor, and may, at its option relet the said premises as the agent of the said tenant but in the name of the said landlord and receive the rent thereof, applying the same, first, to the payment of the expenses to which it may be put in re-entering and reletting, and then to the payment of the rent due by these presents, the remainder, if any, to be paid over to the tenant, who shall be liable for any deficiency the execution of a new lease for the same premises being permitted without terminating the tenant's liability or obligation hereunder. The tenant hereby expressly waives the service of any notice of intention to re-enter, or of instituting legal proceedings to that end."

The tenant moved into the premises and occupied them until May 12, 1931, when he moved out. The landlord filed a claim against the bankrupt estate for the rent for the month of May, 1931, and subsequently brought suit in the Municipal Court against Goldberg for the rent of June, and obtained judgment on July 3, 1931, for $106.22. Thereafter an ex parte order was granted by one of the judges of this court staying the execution of the judgment, and the motion now before the court is to vacate the stay.

The motion to vacate the stay should be granted if the claim is not one provable against the bankrupt's estate and is Goldberg's own obligation. Under the rule laid down by the Circuit Court of Appeals of this circuit in Re Roth & Appel, 181 F. 667, 31 L. R. A. (N. S.) 270, rent which may accrue subsequent to the bankruptcy of a lessee is not provable against the bankrupt's estate, and the bankruptcy of the lessee does not sever the relation of landlord and tenant, and the tenant's obligation to pay rent under his lease is not discharged as to the future unless the trustee elects to retain the lease as an asset. It is contended that this rule has been changed by the Supreme Court in Central Trust Co. v. Chicago Auditorium, 240 U. S. 581, 36 S. Ct. 412, 414, 60 L. Ed. 811, L. R. A. 1917B, 580. However, I find in Mr. Justice Pitney's opinion more than an inference that the rule in Central Trust Co. v. Chicago Auditorium was not intended to apply to leases or to contracts arising out of the relation of landlord and tenant. The opinion itself is careful to state that "cases of the latter class [arising out of the relation of landlord and tenant] are distinguishable because of the 'diversity between duties which touch the realty, and the mere personalty.' Co. Litt. 292, b, § 513."

That rents which may accrue in the future are not regarded as liquidated damages arising out of an anticipatory breach of a contract which may be proved in bankruptcy proceedings is further emphasized by the statement of Mr. Justice Holmes in Wm. Filene's Sons Co. v. Weed et al., 245 U. S. 597, page 601, 38 S. Ct. 211, 213, 62 L. Ed. 497, wherein he states: "Rent issues from the land, is not due until the rent day, and is due in respect of the enjoyment of the premises let."

I am of the opinion that In re Roth & Appel, supra, is not overruled by the Central Trust Co. v. Chicago Auditorium Case and that the case at bar should be decided in accordance with In re Roth & Appel. The following cases and text-writers may be referred to as supporting this conclusion: Wells v. Twenty-First Street Realty Co. (C. C. A.) 12 F.(2d) 237; In re Service Appliance Co., Inc. (D. C.) 39 F.(2d) 632; In re Service Appliance Co., Inc. (D. C.) 45 F. (2d) 884, 885; In re Cushman (D. C.) 3 F. (2d) 449; Collier on Bankruptcy (13th Ed.) p. 1422; Remington on Bankruptcy (3rd Ed.) § 793.

I think the clause in the lease now under consideration which provides that, in the event of default on the part of the tenant, the landlord may re-enter and relet the premises "and receive the rent thereof, applying the same, first, to the payment of the expenses to which it may be put in re-entering and reletting, and then to the payment of the rent due by these presents, the remainder, if any, to be paid over to the tenant, * * *" is an additional reason for the conclusion reached by me, and convincingly disposes of the contention that the rent which might accrue in the future under this lease was fixed in amount or so susceptible of liquidation as to be proved under section 63 of the Bankruptcy Act (11 USCA § 103), for it is not at all improbable that the landlord might succeed in reletting the premises, and this, of course, would substantially affect the amount the tenant might be called upon to pay.

Accordingly, the bankrupt estate is not concerned with rent which may accrue after the bankruptcy; that is Goldberg's obligation and a matter entirely between him as tenant and the landlord, and this court should not stay the execution of the judgment which the landlord, the Yettanna Holding Corporation, has obtained against Goldberg.

Therefore, this motion to vacate the stay is granted. Settle order on notice.