## In re HUBBARD.

### No. 17929.

District Court, W. D. New York.

Feb. 26, 1932.

Buecking & Sengbusch, of Buffalo, N. Y., for bankrupt.

Emil Rubenstein, of Buffalo, N. Y., for petitioner.

KNIGHT, District Judge.

This is the return of an order to show cause why two orders heretofore granted herein, ex parte, restraining actions brought in the city court, city of Buffalo, Erie county, N. Y., to recover certain rents, should not be vacated.

On May 11, 1931, petitioner leased to bankrupt above named certain premises for the period of one year, commencing May 1,

1931. The lease provided that, in case of removal of the tenant for nonpayment of rent or any other cause, the landlord should have the right to re-enter, and at her option relet the premises as agent of the tenant, charging him with the deficiency, if any.

On December 31, 1931, tenant was adjudicated bankrupt. Prior thereto and on December 22, 1931, bankrupt removed from the premises in question and also prior to such adjudication landlord took possession thereof.

By the terms of the lease, the rent was payable $55 per month. The January and February, 1932, rent has not been paid, and the question here is whether bankrupt can now be held personally liable for such rent.

As was said by Judge Hough in Re Roth & Appel (D. C.) 174 F. 64, 68, there is "hopeless confusion" in the decisions upon the question of whether claims arising out of leases entered into before and continuing by their terms after adjudication are provable in bankruptcy.

The bankrupt urges that installments in question here are provable under the provisions of section 63 and section 57n of the Bankruptcy Act (11 USCA §§ 103, 93 (n). By the terms of this lease all rent reserved becomes due within six months succeeding the date of adjudication. It is urged that section 57n, 11 USCA § 93 (n), makes specific provision for the liquidation of a claim of this character so that it may be provable under section 63 (11 USCA § 103). While it does not seem to me that 57n (11 USCA § 93 (n) has or was intended to have this purpose, I do not pass upon this question for the reasons hereinafter stated.

I have considered the various cases cited on behalf of the parties herein and other cases, including In re Roth & Appel, 181 F. 667, 31 L. R. A. (N. S.) 270; In re Goldberg (1931) 52 F.(2d) 156; In re Mullings Clothing Co. (C. C. A.) 238 F. 58; Central Trust Co. of Illinois v. Chicago Auditorium Association, 240 U. S. 581, 36 S. Ct. 412, 60 L. Ed. 811, L. R. A. 1917B, 580; In re Meyer Bros. Studios, Inc., 18 A. B. R. (N. S.) 242; In re Caloris Mfg. Co. (D. C.) 179 F. 722.

I am unable to differentiate this case in its material facts from In re Roth & Appel, supra. In view of this decision in this circuit, the motion to vacate the stay is granted.