MATTHEW D. BOGERT, PLAINTIFF IN ERROR, *v.* THE
PEOPLE, DEFENDANTS IN ERROR.

*Writ of error — only final judgment can be reviewed by.*

A writ of error does not lie, either in civil or criminal cases, except from a final
judgment of the court to which the writ is directed.

Plaintiff in error, having been arraigned in the court of Oyer and Terminer,
pleaded not guilty, and also interposed two special pleas, each to the whole
indictment. A demurrer, interposed by the attorney-general to the special
pleas, having been sustained, the plaintiff sued out a writ of error. *Held*, that
the judgment was not a final one, and that the writ should be dismissed.

*People* v. *Hartung* (26 N. Y., 154) distinguished.

WRIT of error to the Court of Oyer and Terminer of Rockland
county.

*C. P. Hoffman*, for the plaintiff in error.

*Daniel Pratt*, attorney-general, and *Charles T. Maclean*, for the
defendants in error.

TALCOTT, J.:

The defendant, late the county treasurer of Rockland county,
was indicted at a special and extraordinary Court of Oyer and
Terminer appointed by the governor for the 29th day of Decem-
ber, 1874. The indictment is for alleged embezzlement of the
moneys of the county, in the possession of the defendant as county
treasurer. On being arraigned the defendant pleaded, first, not
guilty, whereof he put himself upon the country in the usual form,
and he also then pleaded two special pleas, each to the whole
indictment, one in effect insisting that no petit jury was summoned,
or attended, at the said special Oyer and Terminer, and that the
precept issued by the district attorney for the holding of such
special Oyer and Terminer had not been filed at the time the indict-
ment was found. The other, that more than three years, after the
commission of the offenses specified in the indictment, had elapsed
before the finding or filing of the said indictment, although during
and since the alleged commission of the offense the defendant had

been an inhabitant, and resident within the State. To these special pleas the attorney-general demurred, and the defendant joined in demurrer. The demurrer came on to be argued at an ensuing term of the said Court of Oyer and Terminer, when the demurrer of the attorney-general was sustained by the court, and it was ordered that the people have judgment thereupon, but no judgment was in form entered on the demurrer. Thereupon, and without any further proceedings in the Oyer and Terminer, the defendant brought a writ of error to which the clerk has returned the record, so far as it has proceeded in the case. According to the well settled rule of law a writ of error does not lie in this case at the present stage of the proceedings in the Oyer and Terminer. A writ of error does not lie, either in civil or criminal cases, except from a final judgment of the court to which the writ is directed. The action must be finally disposed of in the inferior court. If the decision had been in favor of the defendant upon the issue joined on the demurrer, a final judgment in his favor would have followed, notwithstanding the plea of not guilty remained untried, because in that case there could have been no trial on the plea of not guilty; the answer, specially made by the defendant to 'the whole indictment, having been held by the court to be sufficient, would have entitled the defendant to a final judgment, discharging him from the prosecution. But the order of the court, sustaining the demurrer to the special pleas, does not by any means authorize a final judgment against him. For aught that appears by the record, the defendant may not be guilty of the offense charged in the indictment, notwithstanding the court has held that the matters embraced in the special pleas do not, of themselves, constitute any defense to the indictment. The distinction is well illustrated in the case of *The People* v. *Hartung* (26 N. Y., 154), where judgment had been given in favor of the defendant on the special pleas, and that she be discharged, thus finally disposing of the case. In that case Judge SELDEN, delivering the opinion of the court, says: " At common law, no writ of error lay until after final judgment in any case, either civil or criminal, and we find nothing in the statutes applicable to this case changing in any respect that rule. If, therefore, the judgment brought up by the writ of error was not a final judgment, the writ must be dismissed." The writ of

error, however, in the case of *The People* v. *Hartung*, was sustained upon the ground, that although the plea of not guilty had been interposed, and remained untried, the decision of the court in *favor* of the special pleas, and the discharge of the prisoner, finally disposed of the case in the Oyer and Terminer. In *Peet* v. *McGraw* (21 Wend., 667), Mr. Justice NELSON says : " It is only upon the idea, that the whole matter is disposed of and ended in the court below, that the writ of error can be sustained, and that should be determined from an inspection of the record itself." This court has no jurisdiction to review the decision of the Court of Oyer and Terminer before final judgment. (*People* v. *Stearns* 23 Wend., 634; see, also, *The People* v. *Merrill*, 14 N. Y., 74.) The cases referred to, and many others which might be cited, clearly explain the rule of law on this subject, and show that a case cannot be taken to a superior court, upon a writ of error, by " piece meal," and such has been the established law since *Metcalf's Case* (11 Coke, 38). The writ of error, therefore, must be dismissed, upon the ground that no final judgment has been rendered in the Court of Oyer and Terminer, and without indicating any opinion upon the validity of the special pleas or either of them. Writ of error dismissed.

Present — BARNARD, P. J., TAPPEN and TALCOTT, JJ.

Ordered accordingly.