WILLIAM FILENE'S SONS COMPANY *v.* WEED ET AL., RECEIVERS OF WILLIAM S. BUTLER & COMPANY, INC.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE FIRST CIRCUIT.

No. 93.   Argued December 17, 18, 1917.—Decided February 4, 1918.

Rent issues from the land, is not due until the rent day, and is due in respect of the enjoyment of the premises let.

Where, however, a lessee corporation not only undertook to pay as rental all sums payable by its lessor under overleases of the same premises, but also, as the inducing consideration for the lease, covenanted to pay at all events a certain amount per annum, in monthly instalments throughout the term and, if the lease should be terminated sooner, to pay a sum measured at the same rate for the unexpired portion, less a discount, *held*, (1) that the covenant created a present indebtedness, independent of rent, for the whole amount so stipulated to be paid; and (2) that upon the appointment of receivers in a purely equitable proceeding to carry on the lessee's business and pay its debts, and upon their declining the lease, leaving rent in default, the lessor, by re-entry pursuant to the lease with the court's consent, might perfect its claim to the amount payable under the covenant for the unexpired term, and

that the claim thus perfected was provable within the time fixed by the court for proof of claims against the receivers.

*Held*, further, in such case, that the lessor might, in like manner, perfect and prove its claim under the lessee's covenant to pay as damages the difference between the rental value at the date of entry and the rent reserved, for the residue of the term; for such is not a covenant to pay or accelerate rent, but a personal covenant liquidating damages upon a footing that is familiar and fair.

When a court, without statute, takes possession of all the assets of a corporation to satisfy its debts, the rights and equities of the creditors are determined by their contracts with the debtor. It is error to give to the filing of the bill the effect of the filing of a petition in bankruptcy or to exclude a lawful claim made within the time fixed for proving claims and maturing within a reasonable time before distribution can be made.

A covenant for the payment of so much per annum in monthly payments throughout the term, and if the lease is terminated sooner, for anticipating the payments for the unexpired portion "less a discount at the rate of five per cent. per annum on payments so anticipated," *construed* as intending a simple discount on the payments as they would fall due, *i. e.*, monthly.

230 Fed. Rep. 31, reversed.

THE case is stated in the opinion.

*Mr. George R. Nutter*, with whom *Mr. Jacob J. Kaplan*, *Mr. Edward F. McClennen* and *Mr. Wm. H. Dunbar* were on the brief, for petitioner.

*Mr. Frederick H. Nash*, with whom *Mr. Charles F. Choate, Jr.*, was on the brief, for respondents.

MR. JUSTICE HOLMES delivered the opinion of the court.

This case comes to this court by writ of certiorari upon a bill for instructions filed by the receivers of William S. Butler & Company, incorporated. The receivers were appointed upon the prayer of a creditor, assented to by the corporation, in a bill brought for continuing the business until the assets could be applied in satisfaction of the com-

pany's debts. Instructions are asked as to the amount to be paid to the petitioner, Wm. Filene's Sons Company, under a lease of the premises that William S. Butler & Company occupied. The lease covered five parcels of land held by the petitioner, also as lessee, and ran for the terms, less one day, of the respective original leases, which expired at different dates, from December 30, 1917, to February 28, 1921. It provided for a reëntry in case of a failure to perform any covenant, of bankruptcy, &c., or of a receiver being appointed and not discharged within ninety days. These proceedings were begun on November 7, 1912. On December 5, 1912, the receiver elected not to assume the lease and left the rent due December 1, unpaid; on December 9 the petitioner reëntered in pursuance of leave granted by the court, and on December 17 made demand upon the receiver for the sum that it alleges to be due. The receiver filed this petition for instructions on April 7, 1913. On September 30, 1913, the petitioner filed a formal claim, the time for proving claims not yet having expired.

The lease is made in consideration of the lessee's covenant to pay twenty thousand dollars a year until February 27, 1921 (the day before the longest of the original leases expired,) and of the other covenants therein contained by the lessee to be performed. The reddendum requires the payment as rental of all sums payable by the lessor under the leases to it at the times specified in their leases, "together with a further sum of twenty thousand dollars yearly, payable in equal monthly instalments until February 27, 1921." The lessor agrees, at the joint request of the lessee and the overlessors in all the original leases in force at the time, to cancel the overleases and abate the rent in respect of them upon payment of a sum equal to $20,000 a year for the residue of the term plus one day, "less a discount at the rate of five per cent. per annum on payments so anticipated." There is a proviso

for an abatement of rent and other payments in case of fire, the taking of part of the premises, &c. "except said payment of twenty thousand dollars per year"; and there is a further stipulation that if the overlease of any part of the demised premises is terminated, the payment of twenty thousand dollars per year shall continue without any abatement. Finally it is agreed that upon a termination of the lease as provided for the lessee will pay to the lessor, upon demand, a sum equal to twenty thousand dollars per year and at the same rate for a fractional part of a year, for so much of the period up to February 27, 1921, as remains unexpired, with one day added (less the five per cent. discount, as aforesaid), and will further make one of three several payments at the election of the lessor, of which it is only necessary to mention the second. This was to pay to the lessor as damages, the difference between the rental value and the rent and other payments named in the lease for the residue of the term, deducting, however, such sum as has been paid for the same period under the clause requiring the payment of twenty thousand dollars a year.

The substance of the petitioner's claim as argued before us is for a sum equal to twenty thousand dollars a year in monthly payments from December 9, 1912, to February 28, 1921, less a discount at the rate of five per centum per annum on the payments anticipated, and for whatever sum may represent its damages estimated in the manner that we have just stated as stipulated in the lease. The courts below were of opinion that the twenty thousand dollars were simply an addition to the rent, that the provisions for payment upon termination of the lease were an attempt to secure a preference by accelerating the instalments and also were in the nature of a penalty, that the analogy of bankruptcy applied, and that the claim for the above-mentioned items could not be allowed. The Circuit Court of Appeals seems to have considered also

that the filing of the bill had the same effect as a petition in bankruptcy in stopping claims that like this were not provable at that date. 230 Fed. Rep. 31. 144 C. C. A. 329.

We are driven to different conclusions. In the first place, whether a letter showing that the payment of $20,000 a year was a substitute for a bonus of $340,000 was admissible or not, *United States* v. *Bethlehem Steel Co.*, 205 U. S. 105, 120, we are of opinion that on the face of the lease and the figures it was dealt with as a separate item and as the inducing consideration for the sublease, the right to the whole of which was earned when the sublease was made. The summary of the clauses referring to it that we have given shows that the whole amount was to be paid in any event, whether the overleases were cancelled, or a part of the rent was abated, or the leases were terminated, as well as if they ran their full course. It is true that in the reddendum the words "as rental" might be construed to embrace the later clause "together with a further sum of twenty thousand dollars," but the sentence does not compel that construction and the dominant intent and obvious fact seems to us to override any argument upon that ground. See *Cox* v. *Harper* [1910], 1 Ch. 480. Rent issues from the land, is not due until the rent day, and is due in respect of the enjoyment of the premises let. The twenty thousand dollars a year was to be paid whether the premises were enjoyed or not, upon a personal covenant that created a present debt, with no contingency except those possibly and lawfully accelerating the time in which it was to be paid.

We perceive no ground that would justify the rejection of the petitioner's proof for the whole sum subject to the discount agreed. Certainly the fact that the termination of the lease happened after the filing of the bill has no such effect, although the sum was not presently payable until then. When a statutory system is administered the only

question for the courts is what. the statutes prescribe.
But when the courts without statute take possession of
all the assets of a corporation under a bill like the present
and so make it impossible to collect debts except from the
court's hands, they have no warrant for excluding credi-
tors, or for introducing supposed equities other than those
determined by the contracts that the debtor was content
to make and the creditors to accept. In order to make a
distribution possible they must of necessity limit the time
for the proof of claims. But they have no authority to
give to the filing of the bill the effect of the filing of a pe-
tition in bankruptcy so as to exclude any previously made
and lawful claim that matures within a reasonable time
before distribution can be made. *Pennsylvania Steel Co.*
v. *New York City Ry. Co.*, 198 Fed. Rep. 721, 740, 741.
Of course it does not matter that the claim was perfected
by the petitioner's act, after a default in the rent. The
receivers would not, and Butler & Company could not
pay it, so that all agree that the petitioner's course was
the prudent and only possible course to take, as it was the
course that was contemplated by the covenant in the lease.
*Wilder* v. *McDonald,* 63 Ohio St. 383, 397.

We agree with the petitioner that the discount on pay-
ments so anticipated should be a simple discount on the
payments as they would fall due, that is, monthly, mak-
ing the total according to the Master's report, $137,348.88.

The rest of the claim is for damages ultra the twenty
thousand dollars a year—the difference between the rental
value at the date of entry and the rent reserved, less the
amount received under the twenty thousand dollar clause.
This also was contracted for and we see no reason why it
should not be paid. The contract was not that all the
rent for the term should become presently due, it was not
for rent at all, but was a personal covenant that liquidated
the damages upon a footing that was familiar and fair.
Mass. Rev. Laws, c. 163, § 33. *Woodbury* v. *Sparrell*

*Print,* 187 Massachusetts, 426, 428. *International Trust Co. v. Weeks,* 203 U. S. 364. *People v. St. Nicholas Bank,* 151 N. Y. 592. *Woodland v. Wise,* 112 Maryland, 35. *Reading Iron Works—Sweatmen's Appeal,* 150 Pa. St. 369. *McGraw v. Union Trust Co.,* 135 Michigan, 609. *Smith v. Goodman,* 149 Illinois, 75, 85, 86. *Kalkhoff v. Nelson,* 60 Minnesota, 284, 288. *Ex parte Llynvi Coal & Iron Co. in re Hide,* L. R. 7 Ch. 28. The claim divides itself into two items: one from January 1, 1913, until April 1, 1913, when the whole premises were relet, put by the master at $39,829.80; the other from April 1, 1913, to the end of the term, put at $34,433.47. The other disputed item for expenses of reletting is disallowed.

*Decree reversed.*

Mr. Justice Brandeis having been of counsel took no part in the decision of this case.