**In re SCHULTE–UNITED, Inc.**

District Court, S. D. New York.
May 21, 1932.

Nauman & Smith, of Harrisburg, Pa., and Patterson, Eagle, Greenough & Day, of New York City (Spencer G. Nauman, of Harrisburg, Pa., and Carroll G. Walter and James Lee Kauffman, both of New York City, of counsel), for trustee under the will of M. E Olmsted.

Davies, Auerbach & Cornell, of New York City, for trustee in bankruptcy.

KNOX, District Judge.

This is a petition to review the order of the referee expunging the claim of the trustees of the Olmsted Estate. The claimants leased certain real property in Harrisburg, Pa., to Schulte-United, Inc., the bankrupt, for a term of years commencing April 1, 1929, and ending March 31, 1959. Rental was to be paid in equal monthly installments on the 1st day of each month, in advance, during the entire period of the lease, and the lessee covenanted to demolish all existing buildings on the premises and erect a new three-story fireproof building at a time not later than the year beginning April 1, 1934. There was no acceleration clause in the lease making future rents immediately payable in the event of bankruptcy. The landlord's sole remedy in case of the lessee's breach of the lease with respect to the payment of rent or erection of the building was to exercise the right to re-enter, and to sue for each installment of rent as it shall become due.

The bankrupt entered into possession, and thereafter defaulted in the payment of the rent which became due on January 1, 1931. The adjudication in bankruptcy occurred January 21, 1931. The trustee, subsequently appointed, elected upon February 11, 1931, to disaffirm the lease. Thereupon claimants notified both the trustee and the bankrupt of their refusal to acquiesce in the action of the trustee, and that they would seek to enforce the obligations of the lease.

On July 16, 1931, claimants filed a claim against the estate of the bankrupt in the sum of $223,054.51 for the cost of demolishing and erecting the buildings referred to in clause sixth of the lease, and in the sum of $32,131.33 for loss of revenue to the claimants for the period of nine months required for such demolition and construction.

The referee expunged the claims, and the propriety of his action is now before the court upon a petition to review. It is here contended that the referee's ruling, wherein he sustained the position of the trustee, to the effect that petitioners' claims were not fixed liabilities absolutely owing at the time bankruptcy ensued, but were contingent and speculative, was erroneous.

The parties have stipulated that the question presently raised "concerns itself solely with the provability of the claim," and that the claimants may hereafter liquidate their damages in case they receive a favorable decision upon this review.

Approaching the matter at issue, it may be said that the Supreme Court of the United States has held that bankruptcy constitutes an anticipatory breach of an executory, bilateral contract, giving the solvent party a provable claim against the estate of the party who becomes bankrupt, under section 63a (4) of the Bankruptcy Act (11 USCA § 103 (a) (4). Central Trust Co. of Illinois v. Chicago Auditorium Association, 240 U. S. 581, 36 S. Ct. 412, 414, 60 L. Ed. 811, L. R. A. 1917B, 580. On the other hand, it has been consistently ruled that a landlord's claim for future installments of rent which have not accrued at the time of the filing of the bankruptcy petition, is not provable. Watson v. Merrill (C. C. A.) 136 F. 359, 69 L. R. A. 719; Wells v. Twenty-First Street Realty Co. (C. C. A.) 12 F.(2d) 237; In re Cushman (D. C.) 3 F.(2d) 449; In re Mlle. Lemaud, Inc. (D. C.) 13 F.(2d) 208. See Rem-

286

ington on Bankruptcy (3d Ed.) § 793; Collier on Bankruptcy (13th Ed.) p. 1422.

Claimants argue that the covenant to erect a building is not a covenant to pay rent, and that the rent case rule is therefore inapplicable, and assert themselves to be within the doctrine of the Chicago Auditorium Case, supra. It is doubtless true that a covenant to erect a building is not within the common-law definition of rent as constituting "a certain profit issuing yearly out of lands and tenements corporeal." See Sharswood's Blackstone's Commentaries, vol. 1, p. 425.

It is none the less true that, broadly speaking, a covenant for the construction of a building may be considered as additional rent by way of "compensation paid for the use of land." See 36 C. J. 285. In the case of O'Brien v. Illinois Surety Co. (C. C. A.) 203 F. 436, at page 439, in discussing the nature of a similar covenant, the court said: "We do not doubt that a building so promised constitutes, in effect, additional rent, payable at the end of the term.   *   *   * "

This case is not to be determined, however, by an abstract determination of whether the covenant in question falls within or without a given definition of the term "rent." In Central Trust Co. of Illinois v. Chicago Auditorium Association, supra, after citing cases which had been cited for and against the provability of the claim there in controversy, the court expressly pointed out that the cases arising out of the relation of landlord and tenant "are distinguishable, because of the 'diversity betweene duties which touch the realty, and the meere personalty.' Co. Litt. 292, b, § 513."

The distinction which the court seemed to have in mind, therefore, was not between promises to pay rent and other promises, but one between leases of real estate and other types of contracts.

This is borne out by an examination of the cases referred to in that opinion as being distinguishable. In re Ells (D. C.) 98 F. 967, held that a landlord's claim was not provable where based upon the bankrupt lessee's promise to "indemnify the lessor against all loss of rent or other payments which he may incur by reason of such termination during the residue of the term."

In the case of In re Pennewell (C. C. A.) 119 F. 139, the decision was that a sublessee could not prove a claim for breach of a covenant of quiet enjoyment against the estate of his bankrupt-lessor, because of his eviction by the trustee in bankruptcy. In the case of In re Roth & Appel (C. C. A.) 181 F. 667, 31 L. R. A. (N. S.) 270, the claim of a lessor was declared not to be provable where founded upon the bankrupt-lessee's covenant to indemnify the lessor for any loss of rents for the remainder of the term.

In Colman Co. v. Withoft (C. C. A.) 195 F. 250, the claim held not to be provable was not based upon a lessor's claim for rent, but was founded upon a bankrupt-lessee's contract to reimburse his joint lessee for half the cost of procuring a cancellation of the lease. The only case in which the claim held not provable was actually based upon breach of the covenant to pay rent was Watson v. Merrill (C. C. A.) 136 F. 359, 69 L. R. A. 719.

It is apparent, therefore, that the Supreme Court did not intend to withhold the application of the rule of the Chicago Auditorium Case only from cases in which the claim is specifically based upon a covenant to pay rent. It held the rule inapplicable to all cases arising out of covenants in leases of realty where the same considerations make it undesirable to hold the claims provable in bankruptcy. Of such is the case at bar, where the lessee promised to "erect   *   *   * a fire proof building   *   *   * of not less than three stories in height   *   *   * suitable for use as a salesroom or salesrooms and office space." The effect of this covenant was both to give additional compensation to the lessor at the end of the term and to afford him additional security in the interim for the payment of monthly installments of rent. The uncertainty of the amount of the damages which the lessor will sustain through breach of this covenant is additional reason for holding this case to be within the class of cases to which the rule of the Chicago Auditorium Case is inapplicable. Nor does the decision in Wm. Filene's Sons Co. v. Weed, 245 U. S. 597, 38 S. Ct. 211, 62 L. Ed. 497, compel a different conclusion. That was not a bankruptcy case, and no question of the provability of a claim arising from breach of a lease under the Bankruptcy Act was there involved.

The order of the referee disallowing the claim is affirmed.