**In re METROPOLITAN CHAIN STORES, Inc.**

District Court, S. D. New York.
Oct. 22, 1932.

Lowe & Dougherty, of New York City, for claimant Malavazos.

Kaye, McDavitt & Scholer, of New York City (Harold L. Fierman and Herbert Rand, both of New York City, of counsel), for claimant Turner.

Zalkin & Cohen, of New York City (Israel Akselrod, of New York City, of counsel), for trustee.

CAFFEY, District Judge.

Certain items of two claims by landlords —one called the Turner claim and the other the Malavazos claim—have been expunged, without evidence having been taken. Consequently, for the purpose of reviewing the rulings, the statements by the claimants in respect to the items with which we are now concerned, made on the face of the claims as filed, must be treated as admitted.

The Turner lease was entered into in 1928. It was to run for 25 years. The term was to

begin January 1, 1931. There was a proviso in paragraph 9 for acceleration of its commencement by notice upon the landlord getting rid of some existing prior tenancies. It is alleged that the specified event happened, that the prescribed notice was given, and that on May 1, 1930, the term actually began. It does not appear in the record when the bankruptcy petition was filed; but the adjudication in bankruptcy was on January 12, 1932, and I shall assume that the petition was filed the same day.

Paragraph 4 of the lease provided that, "within a reasonable length of time after commencement of the term," the lessee would erect on the leased premises "a modern building for mercantile purposes of two stories and basement." Paragraph 9 provided that if, under the acceleration clause, the term began earlier, the lessee, "within a reasonable length of time after such commencement," should "proceed to erect the new two story mercantile building with basement," as stipulated in paragraph 4.

The building had not been erected when the bankruptcy petition was filed. Claimant says that a reasonable time for putting up the building had then already expired. Damages in the sum of $40,000 are claimed for breach of the lease in this respect.

■■ Is the claim provable? That depends on whether a completed breach, for which a cause of action arose, occurred before bankruptcy or whether at the time of bankruptcy the claim was merely contingent or speculative.

It is true that a building such as was promised by the lessee in the case at bar "constitutes, in effect, additional rent, payable at the end of the term." O'Brien v. Illinois Surety Co. (C. C. A.) 203 F. 436, 439. If that were all, plainly the claim would not be provable. Schulte-United, Inc. (May 21, 1932) 2 F. Supp. 285, per Knox, J. When erected, however, the building would "constitute, not only an additional rental payable at the end of the term, but also an additional security for the rent currently accruing. * * * It is also a continuing, actual and valuable security for each installment of rent as the same accrues, and in that capacity, and to that extent, is not, in the least, speculative." O'Brien Case, supra (C. C. A.) 203 F. 436, at page 439.

■ It is easily conceivable that, as asserted, the failure to erect the structure injured the landlord. If so, the injury—at least to some extent—had been fully inflicted prior to the institution of the bankruptcy proceeding. What is a reasonable time is a question of fact. If, as for the purpose in hand we must deem to be so, a reasonable time for installing the building on the premises had expired preceding bankruptcy, a cause of action for breach of the lease had thereupon fully accrued in favor of the landlord; the liability therefor had become fixed preceding bankruptcy. The recovery sought, therefore, is for something other than rent, within the meaning of the decisions holding not provable rent unmatured at bankruptcy. Cf. In re Roth & Appel (C. C. A.) 181 F. 667, 31 L. R. A. (N. S.) 270. By the same token, the claimant should be afforded opportunity to submit proof as to what (if any) damage by the breach had been suffered before bankruptcy.

In Trust Co. of Georgia v. Whitehall Holding Co. (C. C. A.) 53 F. (2d) 635, the landlord was successful on the ground that the covenant there relied on with respect to the building was separable and independent. The facts in the case cited with regard to the obligation concerning a building much more clearly put the covenant on the subject in the separable and independent class than do the facts with respect to erecting a building as agreed on in the Turner lease. Nevertheless, it is further true that in the Whitehall Holding Co. Case the building to be constructed was precisely as much in kind an element of rent as is the building under the lease in the instant case. It seems to me that the difference is one of degree only.

It is difficult to draw the line of demarcation with precision. Nevertheless, I think the decision in the O'Brien Case is correct. If I am to follow it, it unavoidably results that, preceding bankruptcy, the claimant had a completely accrued cause of action for failure of the tenant to erect the building as provided for in the lease. The claim, qua rent, is not provable; the claim, qua damages for breach of contract prior to bankruptcy, is provable.

The decision of Judge Knox in the Schulte-United Case seems to me distinguishable on the facts. There the time agreed on in the lease for the erection of a building ran to a date which, at the inception of bankruptcy, was several years in the future. There was, therefore, no breach preceding bankruptcy. Obviously the claim was contingent merely, and hence was not provable. Cf. Taylor Trust v. Kothe (C. C. A.) 30 F. (2d) 77.

■ Moreover, I cannot say, as matter of law. that the damage is so uncertain as to be incapable of being measured. In the O'Brien Case it was said that damage of the type here involved is not speculative. It may well be that, within the lines of that case, the amount is small. Nevertheless, even if so, the claimant should be permitted to give evidence for the consideration of the referee as to what elements the injury consists of. Cf. Trust Co. of Georgia v. Whitehall Holding Co., supra. The damage is rather for what resulted before bankruptcy, through unreasonable delay in erecting the building, than for an anticipatory breach, such as was dealt with in Re Mullings Clothing Co. (C. C. A.) 238 F. 58, L. R. A. 1918A, 539.

■ The bankruptcy trustee argues that the claimant did not allege in the claim that the time for the erection of the building expired preceding bankruptcy. It may be admitted that the claim as a pleading is inartistic, and that the averments are not in direct terms that the breach was complete preceding bankruptcy. Nevertheless, it is specifically alleged on page 8 that a reasonable time for the erection of the building arrived at or before January 1, 1931. I think that is enough. It would be unjust and improper, as it seems to me, to construe a claim filed in a bankruptcy proceeding with such strictness as not to regard this as a fair and definite charge by the landlord that a breach occurred before bankruptcy.

■ The trustee also argues, in substance, that the promise to erect the building is void for indefiniteness. This point has given me much trouble. As I feel, it raises a question which is more doubtful than any other under the Turner lease. I get no help upon it from the authorities cited by either side. The lease (paragraph 4) called for "a modern building for mercantile purposes of two stories and basement." It also required that, before erection of the building, the lessee should "submit plans of such proposed new construction to the Lessor for any objections thereto, so that the Lessor may see if said plans are in substantial accordance with this contract." It must be conceded that this language is somewhat vague. Yet, after reflection, I have concluded that I would not be warranted in saying, from mere inspection of the instrument, that the clause under consideration is wholly unenforceable or that, if wholly unperformed, it does not afford basis for the assessment of any damage whatever. I am particularly moved so to hold because this phase of the matter was not discussed by the referee or even, so far as I can discover, drawn to his attention.

I go no further at this time. I think that, if desired by the claimant, evidence should be taken, and that then, when the entire circumstances are before the court, a more intelligent disposition can be made than upon the bare record in its present condition.

The Malavazos lease was entered into January 15, 1930. It was to run for 30 years. The term was to begin January 1, 1935.

■ The claim consists of five items: (1) $40,000, damages for breach of the lease; (2) $5,000, spent as a commission for securing the lease; (3) $750, attorney's fee in connection with the lease; (4) $2,000, paid the tenant for release from a clause in the lease which restricted the character, during the term of the lease, of the tenancies of adjoining premises; and (5) $5,000, damages through cancellation, in connection with item (4), of a clause in the lease which gave the landlords the option to accelerate the date of commencement of the term, when the bankrupt knew, and had good reason to know, and concealed from the landlord, the fact that it (the lessee) could not and would not perform the lease.

The sole basis of the claim for items (1), (2), and (3) is an alleged breach of the tenant's obligation to pay rent. No rent was due when bankruptcy occurred. In this jurisdiction it is well settled that on the facts stated the items are not provable. In re Roth & Appel (C. C. A.) 181 F. 667, 31 L. R. A. (N. S.) 270. Cf. In re Arnstein (D. C.) 101 F. 706; In re Goldberg (D. C.) 52 F.(2d) 156; In re Schulte-United, Inc., supra.

The claimants argue that determination of the question is governed by the law of Ohio, where the premises are situated. For this proposition Leo v. Pearce Stores Co. (D. C.) 54 F.(2d) 92, is relied upon; but, as I read that case, at page 94, it is recognized that when, as here, the question arises under the bankruptcy statute, the answer is controlled by federal law. Moreover, in Wells v. Twenty-First Street Realty Co., 12 F.(2d) 237, at page 238, with respect to an Ohio lease, the Circuit Court of Appeals for the Sixth Circuit reached a conclusion which appears adverse to that contended for by the claimants.

■ So also it seems to me that no liability for either item (4) or item (5) could have accrued, unless there was a breach of the lease. It may well be, therefore, that neither is allowable unless damage for the breach

ıs provable. It is unnecessary, however, to determine that, because, as I think, there is another good reason for rejecting both items.

No cause of action whatever is stated as to item (4). It is merely said that money was paid to procure modification of the lease. As I interpret the allegations, no fraud is charged. If, however, the intent is to associate item (4) with item (5), then the issue as to the former is determinable by a consideration of the latter.

Item (5) is not sustained by allegations bringing it within Crawford v. Burke, 195 U. S. 176, 25 S. Ct. 9, 49 L. Ed. 147, or Quirk v. Smith, 268 Mass. 536, 168 N. E. 174, on which claimants rely, nor do they cite any authority, nor do I perceive any other ground, on which it can be sustained. There was no confidential or trust relation between the parties. Apparently all that is charged is that the tenant, without affirmative disclosure of its financial condition, consented, at the instance of the landlords, to the alteration of provisions of the lease. That is not enough to constitute a cause of action. Cleaveland v. Richardson, 132 U. S. 318, 329, 10 S. Ct. 100, 33 L. Ed. 384.

Referee's orders, modified in accordance with the foregoing in respect to the Turner claim, confirmed. Settle order on 2 days' notice.