## In re DIANA SHOE CORPORATION.

## UNITED SHOE MACHINERY CORPORATION v. LEWIS & ROSENTHAL et al.

### No. 206.

Circuit Court of Appeals, Second Circuit.
Jan. 6, 1936.

Walter Bates Farr, of Boston, Mass., for appellant.

Abraham J. Halprin, of New York City (Abraham J. Halprin and Irving Bar-

ry, both of New York City, of counsel), for appellees.

Before MANTON, L. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

The Diana Shoe Corporation filed a petition under section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207, and a trustee was appointed. Appellant filed a claim with the trustee of the debtor. A plan of reorganization was approved providing in effect for the transfer of the assets to three creditors who agreed to pay all general unsecured creditors whose claims had been filed with the trustee 35 per cent. of the amount of such claims. A master was appointed to pass on the claims and report objections thereto. Objection was made to the claim of the appellant, and the master recommended the disallowance of an item of deferred license fees amounting to $1,368, which was claimed under provisions of certain lease and license agreements between the debtor and the appellant. The District Court confirmed the master's report, and this appeal is from the order of disallowance.

▮ The debtor is a shoe manufacturing concern, and the appellant leased to it patented shoe machines and granted licenses for their use in agreements providing for payments of specific amounts for rentals and royalties and for the deferred license fees. Claiming that the deferred license fees were unsecured debts of the debtor which, under the plan of reorganization, the purchasing creditors had agreed to pay, the appellant argues that the purchasing creditors must pay in fulfillment of the plan proposed. The objection of the appellees was taken solely upon the ground that the items for the deferred license fees did not agree with the indebtedness shown on the books of the debtor. They do agree with the amounts specified in the lease and license agreements which the debtor promised to pay. Below, the items for deferred license fees were held to be penalties and were disallowed.

Each lease and license agreement was a contract of bailment and the grant of a patent license. The appellant leased to and licensed the use of the specified patented machines by the lessee, who agreed to pay certain rents and royalties, and, in addition, deferred license fees in the amounts set opposite the named machines in the schedule "upon the termination in any manner whatever of the lease and license."

Article 12 (B) of the agreement provides: "In case the licensee becomes bankrupt or has a receiving order made against him, or makes or executes any bill of sale, deed of trust or assignment for the benefit of creditors, the lease or license shall thereupon cease and determine." There has been a termination of the lease and license because of the passing of the receiving order. The license is personal to the licensee and cannot be transferred by death or operation of law, but death terminates the lease. It may be terminated by voluntary agreement of both licensor and licensee. The lease and license is for a term of years and terminates by the lapse of time; also for breach or default on the part of the licensee. However, provision for payment of the fixed amount is not restricted to the event of termination because of breach of lease, but the obligation to pay these deferred license fees arises upon the grant of the lease, and only the time of payment is dependent upon termination. Termination is an inescapable event, and the provision for payment in such case however occurring may not be regarded as a penalty, for it arises independent of any fault on the part of the licensee. The master's conclusion and the approval by the District Court that the deferred license fees are arbitrary amounts charged against the debtor by reason of the breach of the lease is an erroneous conclusion of law, based upon a wrong construction of the instruments. The provision merely sets a time for payment of part of the consideration for the granting of the patent lease and license. It sets no penalty nor does it operate as a provision for liquidated damages. William Filene's Sons Co. v. Weed, 245 U.S. 597, 38 S.Ct. 211, 62 L.Ed. 497.

However, if a distinction were to be drawn as to into which of these two categories (damages or penalty) the payments here would fall, they must be classified as liquidated damages. Lamson Co. v. Elliott-Taylor-Woolfenden Co. (C.C.A.6) 25 F. (2d) 4, 58 A.L.R. 295. See United States v. United Engineering Co., 234 U.S. 236, 241, 34 S.Ct. 843, 845, 58 L.Ed. 1294.

In Kothe, Trustee, v. R. C. Taylor Trust, 280 U.S. 224, 226, 50 S.Ct. 142, 143, 74 L.Ed. 382, the court said: "The courts are strongly inclined to allow parties to make their own contracts, and to carry

out their intentions, even when it would result in the recovery of an amount stated as liquidated damages, upon proof of the violation of the contract, and without proof of the damages actually sustained. * * * The question always is, what did the parties intend by the language used? When such information is ascertained it is ordinarily the duty of the court to carry it out."

In United States v. United Engineering Co., supra, the court said: "Such contracts for liquidated damages, when reasonable in their character, are not to be regarded as penalties, and may be enforced between the parties."

▮ It is only where the agreement is to pay fixed sums plainly without reasonable relation to any probable damages that the courts will regard it as a penalty and unenforceable. The amounts specified here are not unreasonable compensation for the costs to the appellant of replacing the machines in use after the end of a prior lease. A provision for payment of a portion of the future rental conditioned upon the bankruptcy of the lessee [In re Gelino's, Inc., Bankrupt (D.C.) 43 F.(2d) 832] presents a different situation from the claim for a stipulated amount to be paid in consideration of the grant of the lease and upon its termination, however that termination may occur. The appellant is entitled to payment of the 35 per cent. of the deferred license fee.

Order reversed.