## In re JAMES BUTLER GROCERY CO.
### No. 31619.

District Court, E. D. New York.
March 21, 1938.

Rabenold, Scribner & Miller, of New York City (Charles E. Scribner, of New York City, of counsel), for Harry Zalkin, trustee.

I. Robert Bassin, of Jamaica, L. I., N. Y., for Gregory Filactos, landlord.

MOSCOWITZ, District Judge.

Gregory Filactos, individually and as president of West 4th Street Holding Corporation (hereinafter in either capacity referred to as claimant), petitions to review two orders of the referee herein, one denying claimant's motion for an order directing the bankruptcy trustee to pay said claimant the sum of $90 for reasonable use and occupation of a store; the other allowing claimant the sum of $100 for rent under the terms of a lease between claimant and the bankrupt.

Claimant, as landlord of premises located at 298 West 4th Street, New York City, leased a store in said premises to the bankrupt for a term of one year, commenc-

ing June 1, 1936, and terminating May 31, 1937, for the sum of $900 payable at the rate of $75 per month. The adjudication in bankruptcy herein occurred December 14, 1936, and a receiver was appointed who thereupon took possession of the store. Claimant asserted that the receiver and trustee in bankruptcy continued in possession of the store until February 23, 1937. It appears, however, that the trustee attempted to remove the bankrupt's property from the store and vacate the premises on January 6, 1937, but was prevented from doing so by claimant's acts. Negotiations ensued between claimant and the trustee, and resulted in the latter's payment to claimant of $90 for the use and occupation of the premises up to and including January 18, 1937, and the execution by claimant of a release ostensibly covering the trustee's liability for rent as of the said date. Thereafter, on February 7, 1937, claimant instituted summary dispossess proceedings in the state court against the trustee demanding judgment for rent from January 18th through February in the sum of $107.50. The summary proceedings after trial resulted in a judgment for the trustee. Upon the hearing before the referee herein the latter reported agreement with the finding of the state court and disallowed claimant's claim in this respect in view of the evidence adduced before him.

█ It is unnecessary to determine whether the doctrine of res judicata applies to preclude the allowance of the claim here. The claim was predicated upon facts presented anew to the referee and the record does not indicate any manifest error committed by him in finding against claimant. The latter cannot find support in the principle that so far as chancery receivers or trustees in bankruptcy go into occupation of leased premises without adopting a lease, the landlord has a right to compensation for use and occupation out of funds in their hands. In re United Cigar Stores Co., 2 Cir., 69 F.2d 513. Here the trustee clearly had indicated he did not intend to adopt the lease. He had in fact attempted to discontinue what little use was being made of the premises on January 6, 1937, but was forced to keep the bankrupt's property on the premises thereafter when claimant prevented the trustee's agents from removing the same. If such enforced occupation by the trustee was sufficient to permit the interposition of the landlord's claim based thereon, it would be a simple matter indeed for any landlord of a bankrupt tenant to follow a similar course of procedure after the bankruptcy petition, and, to the extent of his ability to withhold the bankrupt's goods, control the measure of his claim for use and occupation against the estate. Approval of a claim founded upon such conduct would be tantamount to condonation of a landlord's refusal to recognize a trustee's lawful right to reject the bankrupt's lease. Moreover, it would encourage individuals to thwart the trustee's right to obtain immediate possession of a bankrupt's assets for the purpose of effectuating a speedy liquidation of the estate in accordance with the prime purpose and spirit of the Bankruptcy Act. Neither the statute nor any principle of equity jurisprudence requires this court to sanction the claim under such circumstances.

With respect to this claim it need only be further stated that the landlord's actions do not give rise to the equitable right, based upon the reasonable value of use and occupation, discussed in Oscar Heineman Corp. v. Nat Levy & Co., 2 Cir., 6 F.2d 970, 43 A.L.R. 727; In re Sherwoods, Inc., 2 Cir., 210 F. 754, Ann.Cas.1916A, 940; In re Frazin, 2 Cir., 183 F. 28, 31, 33 L.R.A.,N.S., 745, and similar cases. In a field where every effort is to be directed towards conserving assets in custodia legis, it would be a perversion of the rule announced in the cases just cited to allow the claim as falling within its purview. Accordingly, the referee was correct in his determination of the claim for $90 based upon the trustee's occupation of the premises in question from January 18, 1937, to February 23, 1937.

Claimant also filed a claim herein on March 25, 1937, and a substantially similar claim on June 12, 1937, approximately two weeks after the lease expired and just prior to the expiration of the time within which claims could be filed in this proceeding. The claims were based upon damages resulting from the trustee's rejection of the lease. Claimant sought to have the claim for damages under the lease for the period from December 1, 1936, to December 15, 1936, and from February 23, 1937, to May 31, 1937, fixed in the sum of $225. This figure was arrived at by deducting the sum of $50, received from a new tenant, from the total of rent due under the lease during the itemized period. The referee allowed the claim for $100, as follows: December, 1936, and January,

1937, rent at $75 a month, less $90 paid for use and occupation (balance $60); plus $10 a month damages for February, March, April, and May of the year 1937, the unexpired term of the lease. The $10 per month was the difference between the rent reserved in the lease, $75 per month, and the appraised rental value at $65 per month.

Claimant's attorney asserts that this claim should be allowed in the amount requested because it is based upon "facts and figures from which the actual damages sustained by this claimant are readily ascertainable and present only a problem in simple addition." He apparently proceeds upon the theory that there has been a breach of contract by reason of which he has suffered damages readily computable, and no other rule of damages other than that suggested need or should apply.

There might be merit to the point raised if claimant were before a common-law court asserting rights against an individual. He is before a court of bankruptcy, however, and his rights and remedies may perhaps be circumscribed by statutory mandate. Section 63(a) (7), Bankr.Act, as amended, 11 U.S.C.A. § 103(a) (7), which controls here, provides as follows: "Claims for damages respecting executory contracts including future rents whether the bankrupt be an individual or a corporation, but the claim of a landlord for injury resulting from the rejection by the trustee of an unexpired lease of real estate or for damages or indemnity under a covenant contained in such lease shall in no event be allowed in an amount exceeding the rent reserved by the lease, without acceleration, for the year next succeeding the date of the surrender of the premises plus an amount equal to the unpaid rent accrued up to said date."

A comprehensive history of the origin and enactment of this statute may be found in City Bank Farmers Trust Co. v. Irving Trust Co., 299 U.S. 433, 57 S.Ct. 292, 81 L.Ed. 324. Prior to the 1934 amendment to section 63(a) of the Bankruptcy Act, incorporating the above-quoted provision, many leases, in addition to stipulating for termination of the leasehold upon the tenant's bankruptcy, provided that the bankrupt should indemnify the landlord for loss of rent. The provisions varied in their terms and under section 63(a) of the Bankruptcy Act of 1898, the covenants did not support a provable claim in bankruptcy, as the obligation to indemnify ripened after adjudication, and the ad damnum was too uncertain. Cf. Manhattan Properties v. Irving Trust Co., 291 U.S. 320, 54 S.Ct. 385, 78 L.Ed. 824. To avoid the resulting injustice to both the landlord and the bankrupt when the latter was not a corporation, the amendment under discussion was enacted.

Section 63(a) (7) of the act is substantially similar to that of section 77B (b) (10), 11 U.S.C.A. § 207(b) (10), and the latter provision has been construed by the Circuit Court of Appeals for this Circuit in Kuhner v. Irving Trust Co., 85 F.2d 35, 37, affirmed Kuehner v. Irving Trust Co., 299 U.S. 445, 57 S.Ct. 298, 81 L.Ed. 340. There, the court defined the rule of damages applicable under section 77B(b) (10), as follows: "We hold therefore that the claim is to be liquidated like a claim for breach of an executory contract for chattels; that is, by discounting the future payments and subtracting the appraised value of the term from their sum."

The adoption of this formula in the instant case is not only mandatory upon this court, in view of the similarity of the language involved in the two sections, section 63(a) (7) and section 77B(b) (10), but in a situation of this nature makes for uniformity in application of the statute and procedure in bankruptcy. It cannot be said that the statute was intended to give any one landlord greater rights than another. Such intention is nowhere expressed, and this court can see no justification for not applying the rule of damages announced in the Kuhner Case to the present claim merely because the lease in question terminated by its terms before the filing of the claim in issue. No such fortuitous circumstance should give one landlord greater rights than others of the same class. If the rule of damages held to control here were to be substituted by that suggested by claimant, landlords whose leases had not long to run at the date of petition filed could obtain greater benefits than those with longer leases on their hands. They need only file their claims as late as possible and would thereby incur favor because their claims were heard at propitious dates, depending upon the circumstances. Delay and procrastination would follow. Without just reason, inequality would replace parity.

The adoption of a rule of damages which would lead to such results is not lightly to be accepted by this court. When a statutory system is administered, the only question for the courts is what the statute prescribes. Wm. Filene's Sons Co. v. Weed, 245 U.S. 597, 602, 38 S.Ct. 211, 62 L.Ed. 497. The statute in question prescribes claims of the nature involved herein, and the measure thereof is fixed by the rule of damages announced in the Kuhner Case. This court cannot now apply a different rule of damages to the claim before it, because it may appear to be sui generis. That is the prerogative of the Legislature alone.

Upon petition to review, the respective reports of the referee are confirmed.

Settle order on notice.