**KORN et al. v. JOHNSON et al.**

**No. 3944.**

Court of Civil Appeals of Texas. El Paso.

May 23, 1940.

Rehearing Denied June 13, 1940.

A. E. Owens, of Alpine, and William H. Flippen and John W. Miller, both of Dallas, for appellants.

Frank O. Ray, of Alpine, for appellees.

WALTHALL, Justice.

This appeal is prosecuted by appellants, defendants below, from a judgment of the District Court of Brewster County, Texas, in which suit Mrs. Lurline Johnson and husband, S. C. Johnson, and W. D. Johnson,

as plaintiffs, sued Oskar Korn and E. Mollison, as defendants, to recover of them the amount of city, county and state valuation taxes, assessed against the properties described in the petition, one of which properties is in Alpine, Brewster County, and one in Fort Stockton, Pecos County. The taxes for which the suit was brought were for the years 1937 and 1938.

The suit is brought upon two lease contracts in writing, one of which, the Alpine contract, is of date September 20, 1929, and the Fort Stockton contract is of date February 21, 1929; each contract fully describes the real estate upon which the lease is made by the lessor, S. C. Johnson, to the lessees, Oskar Korn and E. Mollison.

The lease contracts embrace other matters than the payment of taxes, such as that the lessees will carry insurance policies for the matters therein specifically mentioned, but which other matters not being involved in this suit we omit stating.

The Alpine contract provides: "The lessee further agrees that he will pay such City, County and State valuation taxes as may be assessed against said building and lot and such taxes shall be paid by the lessee on or before maturity date."

The Fort Stockton lease contract provides: "The party of the second part (appellants) further agrees that in consideration of this rental and lease agreement, that he will pay all such City-County and State valuation taxes as may be assessed against said building and said lots, and that such taxes shall be paid on or before maturity date."

The defendant lessees, appellants here, failed to pay the taxes upon each of the respective properties for the years 1937 and 1938, and the lessors, plaintiffs in the suit, were required to pay and did pay the taxes for each of the two years, and in this suit they seek reimbursement for the taxes paid, interest and costs of suit.

The aggregate amount of the taxes assessed and paid by appellees for each year is alleged and shown to be, the Alpine property, $580; the Fort Stockton property, $510. The issue as to the liability for taxes was involved in proceedings and suits in the courts in other cases.

In their answer declining liability for the taxes sued for defendants pleaded in substance that for the taxes on the Alpine property, for the years subsequent to the year 1934 in cause No. 1742, styled Mrs.

Lurline Johnson et vir. v. Oskar Korn and E. Mollison, plaintiffs in said suit, in their individual capacities, and upon the same cause of action, namely, recovery for taxes subsequent to the year 1934, were denied judgment for taxes, "upon the basis that the terms of the lease contract on the Alpine property, as altered by the agreed order entered in the Bankruptcy Court (Federal Bankruptcy Court, Dallas, Texas), and subsequently confirmed by the judgment of the State District Court, made the lessors therein liable for all taxes upon the real estate accruing subsequent to the year 1934, which denial of relief on the trial of the merits was incorporated in a judgment by the 112th District Court of Pecos County, Texas (Fort Stockton County Seat), in cause No. 677, and which decree or judgment was affirmed by the Court of Civil Appeals at El Paso, * * * which said judgment still remains in full force and effect."

As to the taxes on the Fort Stockton property, appellants Korn and Mollison answered that in cause No. 648, Oskar Korn v. W. D. Johnson et al., in the District Court of Pecos County, defendant W. D. Johnson in that suit filed a cross-action against Korn and Mollison to recover taxes for a period subsequent to 1934, in which Johnson was denied judgment on his cross-action, and on appeal the judgment was affirmed, and remains in effect (Tex. Civ. App., 117 S.W.2d 514).

Appellants further answered by way of estoppel, substantially to the effect that the lease contract provided for an arbitration on a disagreement; that an arbitration was had and the award by the arbitrators was accepted by the plaintiffs (appellees).

The trial court overruled some exceptions urged by defendants in that suit suggesting that defendants were excused from the payment of the taxes on said properties subsequent to the year 1934, by the federal court decree referred to in the petition.

Defendants' exceptions were overruled.

The trial court, after the evidence was heard, withdrew the case from the jury and, on plaintiff's motion, entered judgment for plaintiff, Lurline Johnson, and against defendants (appellants). Defendants appealed, and that case was reviewed by this court (117 S.W.2d 844), and the judgment affirmed. The contract in that case is the same as in this, though the years for which the taxes became due and payable:

are different; also the main issues involved in that case were different from the issues in the instant case. The same might be said of the case of Korn et al. v. Johnson et al., 117 S.W.2d 844, reviewed by this court. Both cases embrace the issue of liability for taxes on the same properties and under the same leasehold contract. Without reviewing the cases at length, we can only refer to them with brief comments.

This appeal involves only the question of the liability of appellants for the payment of the taxes on the two properties, described as Alpine and Fort Stockton, for the years 1937 and 1938.

In appellants' propositions the contention is made in each of them in effect that the federal bankruptcy court decree referred to modified the covenant of the lease contracts for the payment of the taxes for the years subsequent to the year 1934, thereby relieving appellants from the payment of the taxes for the years 1937 and 1938, for which this suit is brought.

Appellants admit in their brief that prior to the date of the decree in the bankruptcy proceedings they were obligated by the terms of the original lease contracts to pay the real estate taxes involved here, but insist that the provision in the bankruptcy decree in the following language relieved them from so doing. Quoting from the decree: "Likewise it is agreed that the taxes on and after 1934 as herein provided to be paid by the lessor shall be limited and restricted to real estate and its immediate improvements * * *."

We think the language above quoted from the decree, as to the taxes, had reference to the years 1935 and 1936, and no other years. The court was construing the lease contract only as to those years and as to evidence then before the court on the issues under consideration and under the agreement referred to. And what reference this court made to the bankruptcy decree evidently had reference to the years the court, in entering the decree, had in contemplation.

In Johnson v. Korn, 117 S.W.2d 514, at page 523, this court said: "We hold that by the terms of the lease contract as altered by the agreed order entered in the Bankruptcy Court and subsequently confirmed by the judgment of the District Court, the lessor was made liable for all taxes upon the real estate accruing subsequent to the year 1934. Unless such effect is given to the clause, with respect to taxes on the real

estate and its immediate improvements which provided for their payment by lessor, the provision must be ignored. It is, however, as much a part of the contract as any other part of the document."

In each of the original contracts the lessees (appellants) agree as a part of the consideration for the rental and lease agreement that they will pay all such city, county and state valuation taxes as may be assessed against the buildings.

The same conditions did not exist in 1937 and 1938 under the contract as in 1935 and 1936, when the bankruptcy proceedings were under consideration; nor were the parties to the lease contract present and agreed to a change or modification of the lease contract as in 1935 and 1936.

We are forced to the conclusion that the court's order or judgment in the bankruptcy proceedings applied only to the years 1935 and 1936, and did not apply to subsequent years.

We think that for the years 1937 and 1938, now under consideration, the covenant of the lease contract applies without modification or change by conditions or agreement, or judgment in the bankruptcy proceedings.

Appellants submit in argument in their brief that this court recognized in Korn v. Johnson, 117 S.W.2d 844, that the federal court decree in the bankruptcy proceedings fixed the liability for the taxes upon the landlord.

We do not so construe the opinion. The question before this court in the case was whether or not the bankruptcy decree relieved appellants from the obligation to pay premiums upon the insurance carried upon the building. In considering the question this Court discussed the bankruptcy decree, and observed that there was no ambiguity about the provisions of the original contract creating this obligation; that this was not declared in the contract to be a part of the rental charge for the building, and further said, "the obligation was created by separate and independent covenants as was the obligation to pay the city, county and state taxes. The order in the Bankruptcy Court, though it provided that future taxes upon the real estate should be paid by the lessor, made no mention of the obligation of the tenants to carry insurance in favor of lessors upon the building."

We think the clause in the above quotation, "though it provided that future taxes

upon the real estate should be paid by the .lessor," necessarily referred to the two years subsequent to 1934, and embraced only the two years 1935 and 1936, since only those two years, under the facts and circumstances, were before the court.

We have concluded that the trial court was not in error in holding that appellants were liable for the taxes for the years 1937 and 1938, and, appellees having paid the taxes, in rendering judgment for appellees for the recovery.

The case is affirmed.